RECEIVED SEP 1 1 2017

CRIMINAL ACTION NO. <u>1:06-CR-00053</u> ,

CIVIL ACTION NO. <u>1:08-CV-00153</u> .

_____                    17-CV-100-LRR

IN THE
UNITED STATES DICTIRCT COURT
FOR THE NORTERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

_____


JAHMAL GREEN,

PETITIONER-MOVANT,

VS.

UNITED STATES OF AMERICA,

DEFENDANT-RESPONDENT.


On petition under Title 18 U.S.C. 3742(a)(1) on the grounds that the sentence was imposed in violation of law pursuant to Rule's 5(d)(1)(D) & 5.1(e) of the Fed.R.Crim.P. that any person charged with a felony has right to a preliminary hearing to test the legal sufficiency of the indictment(s), and cross-examine the advers witnesses. And the sentencing enhancement(s) in violation of the Apprendi Doctrine.

PETITION UNDER 18 U.S.C. 3742(a)(1)

JAHMAL GREEN#09794-029
P.O. BOX 24550
TUCSON, AZ. 85734

## ISSUE(S) PRESENTED

DEFENSE COUNSEL'S PROVIDED CONSTITUTIONALLY INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE OF THE PROCEEDING'S, INCLUDING PLEA NEGOTIATIONS "VITIATE[D] THE PRINCIPLES" ESPOUSED IN STRICKLAND VS. WASHINGTON (1984) 466 US 668.

iii

## TABLE OF CONTENTS

OPINIONS BELOW ....................................... 1

JURISDICTION ........................................ 2

CONSTITUTIONAL AND STATUTORY PROVISIONS ............. 3

STATEMENT OF THE CASE ............................... 4

REASONS GRANTING THE PETITION ....................... 6

GROUNDS FOR RELIEF .................................. 7

CONCLUSION ......................................... 19

CERTIFICATE OF SERVICE ............................. 20

## APPENDIX TO APPENDICES

APPENDIX A:

   Decision from the Court of Appeals.

APPENDIX B:

   Decision from the United States District Court.

APPENDIX C:


APPENDIX D:


APPENDIX E:


APPENDIX F:


APPENDIX G:

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION


PETITION UNDER 18 U.S.C. 3742(a)(1)


Petitioner, i.e movant green petitions to void post-judgment 28 USC § 2255 in Civil Action No. 1:08-CV-153 in the interest of justice on the ground that defense counsel's  provided constitutionally inadequate representation of counsel during the pre-trial stage of the proceeding's, including plea negotiations. The pets. 28 USC § 2255 in civil action no. was procedurally barred due to being detained in the Bureau of Prisons segrega-tion unit, aka, (SHU), special housing unit, and transf-ered to another (BOP) without access to his legal work denying his right to file proper 28:2255 in violation of his due process.


## OPINIONS BELOW

The opinion of the United States District Court appears at <u>Appendix B</u>. to the petition. And is reported at 1:08-CV-00153.

## JURISDICTION

The date on which the United States District
Court denied my 28:2255 with prejudice was 12/12/2009.
No timely appeal was filed because i was being detaine-
d in the (shu) denied to my legal work, and transferred
to another Bureau of Prisons, and had to wait for my
property to be transfered from the other institution
for 2 month's or so.

The date on which the United States Court of
Appeals denied my direct appeal was 12/13/2007. No
petition for an EnBanc was filed. Appellate counsel
failed to raise non-frivolous issue(s) on direct
appeal in violation of Anders vs. California (1967)
386 U.S. 738.

Jurisdiction of this Court is invoked under Title
18 USC § 3742(a)(1) on the grounds that defense counsel
's provided constitutionally inadequate representation
of counsel during the pretrial stage of the proceeding's
and appellate counsel failed to raise non-frivolous
issue's in violation of Anders vs. California (1967)
386 U.S. 738; Strickland, Id., at 685 that accused's
afforded to adequate representation of counsel.

## CONSTITUTIONAL AND STATUTORY PROVISIONS

28 USC § 2255

Amendment 782

Fair Sentencing Act,(FSA) under Amendment 782.

Strickland vs. Washington (1984) 466 U.S. 668

Sixth Amendment, U.S. Constitution.

Coleman vs. Alabama (1970) 399 US 1, 10-11.

Johnson vs. Zerbst (1938) 304 US 458-469.

Rule 5(d)(1)(D) & 5.1(e) of the Fed.R.Crim.P.

Apprendi Doctrine

Rule 11(c)(3)(B) of the Fed.R.Crim.P.

18 USC § 3742(a)(1) Federal Criminal Procedure.

5th. Amendment of the U.S. Constitution.

## STATEMENT OF THE CASE

Jahmal Green pled guilty to distributing .69 grams of cocaine base (crack cocaine) within 1,000 feet of a protected location (college) after having been previously convicted of one or more felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 851, and 860(a). The District Court sentenced (green) to a mandatory term of life imprisment because he had two or more prior convictions for a felony drug offense(s). See 841(b)(1)(A), [ i]f any person violates § 860 after two or more convictions for a felony drug offenses, that person shall be sentenced to a mandatory term of life imprisonment.

On appeal, defendant's counsel moved to withdraw and filed a brief under Anders. Counsel argued that the district court erred in accepting defendants guilty plea because he did not fully understand that the plea would result in a mandatory sentence of life in prison. In a pro se appellate filing, Green also argued that he did not understand his plea. Additionally, he challenged his life sentence, claiming that his previous drug offenses were minor, and asserted that his attorney incorrectly advised him to plead guilty.

The Court of Appeals concluded on Direct Appeal that

(green) cannot first challenge his guilty plea in a direct appeal., and after reviewing the record in accordance with Penson v. Ohio (1988) 488 US 75, we have found no non-frivolous issue(s).

Petitioner Green's defense attorney provided Constitutionally inadequate representation of counsel for failing to file pretrial motion(s), including plea negotiations... "Vitiate[d] the Principles" in Strickland vs. Washington (1984) 466 US 668, that the Sixth Amendment Right to counsel exists to meet the case of the prosecution. Defense Counsel failed to file objection(s) that the District Judge failed to read the rule required warning under Rule 11(c)(3)(B) of the Fed.R.Crim.P., and also waived the petitioner's right to pretrial proceeding's (preliminary hearing) in violation of Rule 5.1 of the Fed.R.Crim.P., the petitioner never agreed to waive objection(s) in (PSR), see (dkt#26). The district court accepted (PSR), see (dkt#27) dated 7/06/2006. Petitioner asserts that counsel's representation (or lack thereof) constituted ineffective assistance of counsel. Claims are weighed against the two-prong test set forth in Strickland and Wiggins. defense responsibilities must be met to render adequate assistance of counsel that... Sixth Amendment requires in criminal process at critical stages.

## REASONS GRANTING THE PETITION

Rule 10 of the rules governing the Supreme Court of the United States, more specifically, considerations governing review on a writ states in relevent part...

"Review on a writ of certiorari is not a matter of right, but a judicial discretion. A petition for a writ of certiorari will be granted for compelling reasons. The following, although neither controlling, nor fully meaning the court's discretion, indicates the character of the reasons the court considers..."

The Court of Appeals for the Eighth Circuit has entered a decision in conflict with the United States Supreme Court pursuant to:

Rule 11(c)(3)(B) of the Fed.R.Crim.P.
Strickland vs. Washington (1984) 466 U.S. 668

The petitioner (green) contends that as a result of the Eighth Circuits departure form this Court's precedent, a writ of habeas corpus shouls issue under 28 USC § 2255.

## GROUNDS FOR RELIEF

### GROUND ONE:

DEFENSE COUNSEL'S PROVIDED CONSTITUTIONALLY INADEQUATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE OF THE PROCEEDING'S, INCLUDING PLEA NEGOTIATIONS "VITIATE[D] THE PRINCIPLES" ESPOUSED IN STRICKLAND VS. WASHINGTON (1984) 466 US 668.

### DISCUSSION

On June 16,2006 (green) unknowingly entered into an plea agreement of guilty in criminal action no. CR-06-53. See Appendix B. to the petition.

On July 5, 2006 defense counsel's waived (green's) right to a preliminary hearing without his permission, constituted inadequate representation of counsel, including violation of Rule 5.1 of the Fed.R.Crim.P. See Johnson vs. Zerbst (1938) 302 US 458-469; And Rule 5(d)(1)(D) Of the Fed.R.Crim.P., Coleman, ID., at 399.

On 12/12/2009 the District Court denied (green's) 28 USC § 2255 with prejudice (dismissal deadline). See (dkt#1), civil action no. 1:08-CV-153 in Appendix B. to the petition. Rule 5(d)(1)(D) states that any person person charged with a felony has a right to a preliminary hearing. (Jahmal) never executed a signed document waiving his right to a preliminary hearing.

On July 5,2006 (green) defense attorney failed to
file (PSR) objections, therefore waiving his right to...
appeal (PSR), see (dkt#26) constituted inadequate represen-
ntation of counsel during the pretrial stage of the proce-
edings, including plea negotiation.

On July 6,2006 the district court adopted report
and recommendation, see (dkt#27), defense counsel failed
to file objection's, waiving the pet. (greens) right to
appeal in violation of Rule 5.1 of the Fed.R.Crim.P. in
the court of appeals.

I.

## DEFENSE COUNSELS PROVIDED CONSTITUTIONALLY INADE-QUATE REPRESENTATION OF COUNSEL FOR FAILING TO OBJECT THAT THE DISTRICT COURT FAILED TO READ THE RULE REQUIRED WARNING UNDER RULE 11(e)(2); 11(c)(3)(B) OF THE FED.R.CRIM.P.

On June 6,2006 (green) unknowingly entered into an
plea greement under Rule 11(c)(3)(B) of the Fed.R.Crim.P.,
see (dkt#16). In United States vs. Dominguez Benitez(2004)
542 US 74; held that federal criminal defendant entitled
to plain error relief from guilty plea on unpreserved claim
that court had failed to give rule-required warning, only
[i]f he could show reasonable probability that, but for
error, he would not have entered plea.

Under Rule 52(b) of the Fed.R.Crim.P., a plain error affecting substantial rights may be considered on appeal, even though the error was not brought to the "trial Courts attention".

Federal criminal defendant (green) and the government entered into a plea agreement, including the terms that (1) he would plead guilty to a drug charge, and (2) the government would make a non-binding sentencing recommendation. The government (agreement) warned the defendant that he could not withdraw his plea if the court did not accept the governments recommendation. During an ensuing hearing at which (green) pled guilty, a federal District Court (1) gave him almost all the required warnings required by Rule 11 of the Fed.R.Crim.P.; [B]ut (2) failed to give him the required warning, then under Rule 11(e)(2), later 11(c)(3)(B) that he could not withdraw his plea [i]f the Court "did not" accept the governments recommendation, subsequently, the District Court in sentencing (green) to a term of life imprisonment, effectively did not accept the governments recommendation.

Even though (green's) defense attorney did not make a timely appeal (objection's) to the federal court's failure

to give the Rule 11 warning in question. The pet. (green) had the right to withdraw his guilty plea as a consequence of the district court's failure to give the warning. (1) Plain-error review is applicable to the defendants substantial rights had been affected, the defendant, i.e. pet. (green) make a prima facie showing that defense counsel "Vitiate[d] the Principles" espouse in..... Strickland vs. Washington (1984) 466 US 668, in the Two-prong test that the Sixth Amendment Right to effective assistance of counsel exists to which the pet. (green) is entitled to meet the case of the prosecution. The Supreme Court's view's as to harmless of claimed error in state or federal trial, for purpose of subsequent federal habeas relief review under Brecht vs. Abrahamson (1993) 507 US 619 effect of Rule 11 of Fed.R.Crim.P. on validity of federal criminal defendant guilty pleas and plea agreements- Supreme Court cases, 133 L Ed 2d 919.

Supreme Court's views as to what Constitutes Harmless Errors under Rule 52(b) of the Fed.R.Crim.P., 84 L Ed 2d 876. Supreme Court's views as to plea bargaining and its effects, 50 L Ed 2d 876.

## APPEAL § 1293 GUILTY PLEAS

Failure to give Rule required warning, plain-error

, reasonable probability held that; Rule 11 of the Fed.R.Crim.P. but for the error, (green) would not have entered his guilty plea.

## APPEAL § 1550 REVERSAL OF GUILTY PLEA

Held that on direct appeal, appellate review, the plain error standard of Rule 52(b) of the Fed.R.Crim.P., with Rule 52(b)'s requirement to prove an effect on substantial rights applied to criminal defendant that he had a right to withdraw his guilty plea.

## EVIDENCE § 419 CRIMINAL TRIAL

Collateral review, burden held that when the government has the burden of addressing prejudice, as in experience in excusing preserved error as harmless on direct appeal review of a criminal conviction, it is not enough to negate an effect on the outcome of the case.

A.

## HABEAS CORPUS POST CONVICTION RELIEF

§ 46.5, and § 47 held that one significant difference between guilty plea claims under Rule 11 under <u>Strickland vs. Washington</u> (1984) 466 US 668, (1) Strickland claims may be raised in post conviction proceedings permit greater

developement of the record.


B.

## RULE 11 OF THE FED.R.CRIM.P.

Petitioner (green) claims that the right to withdraw his plea of guilty as a consequence of the district courts failure to give one of the warnings required by Fed.R.Crim.P. 11, because the claim of Rule 11 error was not preserved by a timely objection, the plain-error standard applies, with its requirement to prove an substantial right, but for the error, he would not have pled guilty (entered a plea of guilty) with respect hereto.


C.

## SUPREME COURT'S PRECEDENT

Supreme Court of the United States held that granted certiorari in Vonn Nor Circuit precedent 310 F.3d, at 1227 -1228. We granted Certiorari (2003) 540 US 1072, 157 L Ed 2d 741, S Ct 921 on the question [W]hether, in order to cause that a violation of Fed.R.Crim.P. 11 constitutes reversible error,(plain error), that a defendant must demonstrate that he would not have pleaded guilty if the violation had not occurred. The pet. (green) did not understand, and therefore he unknowingly and unintelligently entered a plea of guilt that should be reversed, [542 US 817].

II.

## DEFENSE COUNSEL'S WAIVER OF THE PRELIMINARY HEAR-
## ING WITHOUT PERMISSION OF PETITIONER CONSTITUTED INADEQ-
## UATE REPRESENTATION OF COUNSEL DURING THE PRETRIAL STAGE
## OF THE PROCEEDINGS, INCLUDING PLEA NEGOTIATIONS

The record indicates that defense counsel waived
without consulting with (green), see (dkt#26), on 7/5/2006
waiver of objections to report and recommendation by defe-
ndant (jahmal green) constituted inadequate representation
of defense counsel during the pretrial proceedings. (green)
argues that the government obtained an indictment for the
conduct complained of that clearly constituted a violation
of state law rather than federal law, defense counsel was
under obligation to recognize that fact and object to the
indictment. Pet. also argues that defense counsels waiver
of objection(s) to the report and recommendation of guilty
plea in (dkt#18; and dkt#26). The pet. never executed a d-
ocument signed by (green) waiving his rights to a prelimi-
nary hearing, and filed motion to withdraw defense attorn-
ey Casey D. Jones, see (dkt#21), 6/22/2006. Although Rule
5.1 of the Fed.R.Crim.P. recognizes that a defendant may
waive the preliminary hearing, it must be both knowingly
and intelligently made. Such a waiver is ordinarily an in-
tentionally relinquishment or abandonment of a known right
or privilege. Johnson vs. United States (1938) 302 US 458.

Green argues that this failure of counsel to get his permission to waive preliminary hearing was a violation of his due process given the facts of this case, and other court's have agreed.

> "The government agreed suggest to us that even
> if the pretrial proceedings... in this case
> were inadequate, subsequent return of an ind-
> ictment cured any inadequacy... preliminary
> inqiries can on occaision have great value
> for one charged with acrime. Where a defendant
> is denied out of hand the opportunity to cons-
> ider utilizing that value, we do not think that
> denial is to be swept under the rug of a grand
> jury indictment."

Blue vs. United States (D.C. Cir. 1965) 342 F.2d 894, the preliminary hearing provides an opportunity for pet. at an early stage of the proceedings to trust the prosec- ution's evidence against him. Obviously, the pet. (green) had no right or opportunity to participate in the secret grandjury proceedings against him, and so left a prelimi- nary hearing process to attack sufficiency of the indictm- ent against him, and other pretrial proceeding's. Defense counsel's failure to provide (green) with the constitutio- nally provided protections of the preliminary hearing con- stituted inadequate representation of counsel, and prejud-

iced him by eliminating yet another way to attack the legal sufficiency of the charges against him. This failure constituted **Constructive Denial** of counsel which at a preliminary stage of the proceedings constituted a **Sixth Amendment Protections** afforded all parties. Coleman vs. Alab -ama (1970) 339 US 1, 10-11; and Rule 5(d)(1)(D) Fed.R.Crim. P., any person charged with a felony, right to a hearing.

### III.

APPELLATE COUNSEL RENDERED INADEQUATE REPRESENTATION
OF COUNSEL BY FAILING TO OBTAIN ENTIRE TRIAL TRANSCRIPT'S,
AND REFUSING TO DISCUSS APPELLANTS VALID NON-FRIVOLOUS IS-
SUE(S) TO PREPARING HIS BRIEF

Appellate counsel provided inadequate representation of counsel through out the period of his representation of petitioner (green). Appellate counsel asserted that he conducted a full and continuos review of the record and found no non-frivolous issue(s), when in fact he did not examine the facts of the case and did not obtain full transcripts, and continously ignored pet. (greens) attempts to communicate with him regarding the facts of the case. There is no possibility of a full review of the record without the entire record being available. Anders vs. Calif -ornia (1967) 366 US 738. Despite the facts, appellate counsel asserted to the court of appeals that there were no non-frivolous issue(s), waived oral arguments, and then

withdrew from the case. The prejudice of such conduct is inescapable. An appointed counsel who filed a <u>Anders Brief</u> although never requested pr possess a complete trial transcript(s) could not have conducted concientous examina -tion of (green's) case, because (green) never recieved any transcripts after the Court of Appeals denied his direct appeal constituted inadequate representation of counsel, see <u>Strickland</u>, at 466 US 668; And <u>Wiggins vs. Smith</u> (2003) 539 US 510, 522, 524.

IV.

<u>DEFENSE COUNSEL'S PROVIDED CONSTITUTIONALLY<br>INADEQUATE REPRESENTATION OF COUNSEL BY FAILING<br>TO MOUNT A CREDIBLE DEFENSE</u>

At every stage of the proceeding's, pets. trial counsel failed to do the proper investigation and organiza -tional trial work necessary to present a credible defense. Previous defense counsel's at the begining of the case, (although) only involved in pet. (green's) case for a brief period of time, were much more diligent in reviewing gover -nments document(s) and interviewing potential witnesses. This investigative work virtually ceased with appointment of (green's) final defense and trial counsel. It is axioma -tic among trial lawyers and judges that cases are not won in the court room, [b]ut by long hours of laborious invest -igational and careful preparation and study of legal points which precede the trial. Decoster, at 293.

Pet. asserts that the adversial testing process protected by the Sixth Amendment requires that the accused have counsel acting in role of an advocate, not an adversary , and the right to effective assistance of counsel is the right of the defendant to require the prosecutions case must undergo a cruicable of meaningful adversial testing. The kind of testing invisioned by the Sixth Amendment would have occurred none the less, but in the instant case the process did not constitute a confrontation between vigorious adver- saries, and constitutional protections were not present, and there was a complete breakdown in the adversial process. see United States v. Cronic (1984) 466 US 648.

A.

## AMENDMENT 782 HELD RETROACTIVE
## TO PRIOR DRUG OFFENSES IN PETS. CASE

Reasons given, is that that the United States enhanced (green) under § 851 and § 860 for prior drug offense, and therefore should apply retroactive. On January 6,2006 (green) entered into an plea agreement to a term of life imprisonment for prior drug offenses under § 851,§ 860 for petty drug offenses in prior state convictions that should apply under the (FSA) from a 100:1 to an 18:1 ratio because pet. recieved an life sentence on prior crack cocaine offe- nses, Amendment 782 therefore should apply.

The Fifth Amendment provides, that no person shall be deprived of life, liberty, or property without due process of law. The government violates this guarantee by taking away someones life, liberty, or property under criminal law so vague, that it fails to give ordinary people fair notice of the conduct it punishes. or so stand -ardless, that it invites arbitrary enforcement. The prohibition of vagueness in criminal statutes is as a well recognized requirement, a consanent alike with ordinary no- tions of fair play and the settled rules of law, and a sta- tute that flouts,it violates the first essential of due process. These principles apply not only to a statute defi- ning elements of crimes, but also statutes fixing sentences under § 851 and § 860.

In Johnson vs. United States (2014) 576 US___, 135 S Ct., 192 L Ed 2d 569 held that: Imposing an increased sentence under the residual clause to violate the Fifth Amendment's guarantee of due process. The Supreme Court held that the enhancement was unconstitutionally vague, (greens) prior drug offense(s) are indivisibly overbroad, as in Johnson vs. United States, at. 192 L Ed 2d 569, beca- use they were petty drug offense(s) (crack cocaine) and 18:1 ratio should apply and [not] 100:1 ratio under the enhance- ment(s) with respect.

## CONCLUSION

For the above and foregoing reasons, Pet. (green) petition to void postjudgment in 28:2255 under Rule 60(b)(4) of the Fed.R.Civ.P. with respect hereto due to being procedurally barred beyond the control of the pet. in the interest of justice.

Pet. (green) was denied Constitutionally inadequate representation of counsel during the pretrial stage of the proceeding's including plea negotiation's "vitiate[d] the principles" espoused in Strickland Id. at 685, that the accused is accorded ample opportunity to meet the case of the prosecution, to which he is entitled under the Sixth Amendment of the United States Constitution.

Respectfully Submitted

## CERTIFICATE OF SERVICE AND MAILING

I, JAHMAL GREEN certify under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing attached _____ Petition to void postjudgment 28:2255 _____

was deposited in the institutional legal mail system after being properly addressed to the address(es) listed below, having first-class postage prepaid, affixed to the envelope, on the date below. The original of the attached document was filed with the clerk of court using U.S. Postal Service, at the following addres:

JAHMAL GREEN                          Certified Mail Number:
#09794-029                           _____
USP TUCSON
P.O. BOX 24550
TUCSON, AZ. 85734

A true and correct copy of the attached was served on:

United States District Court        Certified Mail Number:
Cedar Rapids Division               _____

I certify that the attached was filed with the Court, served on the above named party, and deposited in the institutional legal mail system on this 5. day of SePtEM ber, 2017 The attached is considered filed into the Court on the date above in accordance with Houston v. Lack, 101 L.Ed.2d 245 (1988).

/S/ Jahmal Green

Case Name: JAHMAL GREEN    Vs. UNITED STATES

Case Number: 1:08-CV-00153



No postmark – sem

UNITED STATES PENITENTIARY TUCSON
P.O. Box 24550
Tucson AZ 85734
JAHMIAL GREEN 09704-029

<09794-029<>
Clerk Us District Court
111 7TH AVE SE
5TH Floor
Cedar Rapids, IA 52401
United States

Clerk Us District Court
111 7TH Ave SE
5TH Floor
CEdar Rapids, IA 52401
United States

FEDERAL CORRECTIONS COMPLEX
9300 S. WILMOT ROAD
TUCSON, ARIZONA 85756

DATE: 9-5-17

The enclosed letter was processed though special mailing
procedures for forwarding to you. The letter has been neither
opened nor inspected. If the writer raises a question or problem
over which this facility has jurisdiction, you may wish to return the
material for further information or clarification. If the writer
encloses correspondence for forwarding to another
addressee, please return the enclosure to the above address.